Next case will be 097107, Arzio v. Secretary of Veterans Affairs, Mr. Carpenter. Mr. Arzio is here on a question of whether or not the provisions of 38 CFR 3.304F are exclusive in terms of the ability of a veteran to establish service connection for a disability resulting from post-traumatic stress disorder. Mr. Arzio alleged before the Veterans Court that he was entitled to establish that entitlement to compensation for post-traumatic stress disorder by use of statutory presumptions as provided for under the provisions of 38 CFR 3.303A. We believe that the lower court misinterpreted the provisions of 38 CFR 3.304F to be exclusive as the only means or method for establishing entitlement to service connection. We believe that that interpretation is incorrect and inconsistent with this court's decision in Combie v. Brown. Combie v. Brown dealt with a slightly different circumstance with a statutory provision for presumptions and the ability under the Combie decision... Correct. They had a situation where there had been a whole lot of difficulties and problems with radiation and the agency says, okay, for certain things like Nagasaki and the rest of it, presumptively banned. That's correct. And what this court decided in Combie was, is that if you do not qualify under the presumption... For service connection, it's presumptive because it's the list and they say this is the list but it's not otherwise. Right. And you could establish for something on that list by way of what is commonly referred to as direct service connection. This case differs from that only in the methodology. The question here is the comparative methodology and the ability or availability to a claimant to be able to... If you were right, Mr. Carpenter, and there is an alternative 3.303 avenue for establishing service connection for PTSD, you're still going to have to produce a stressor, aren't you, because of DSM 4 and 4.125? I mean, the disease requires a stressor. Well, the disease does require a stressor. That's why I just want to get you... That much, you're on the page with me, right, in terms of even if it's under 3.303, you're going to have a stressor. The question is... The next question is, does that mean in-service stressor? No. The next question is, does the veteran have to come forward with what the regulation... I'm assuming that you've got a 3.303 cause of action, and we're going to have to have a stressor. We're going to have some underlying causation. That's the nature of the disease. That's why I pointed to DSM 4 and 4.125, when it was put, that's required for a PTSD claim. So if it's a non-service stressor, I'm just trying to get at where you're going to be, what kind of cases we're going to get in the future. It would be a veteran who didn't have an in-service stressor, right? Didn't have a specific event. Yeah, but he was in-service and saw a bunch of things, and then they went to see an Oliver Stone movie after they got out of service, and were shocked by the horror of it all. And then that's going to connect back, because it has to be service connection right under 3.303. That's correct. But what happened in this case was, is that he had symptoms and manifestations of a psychiatric illness during his in-service. Well, I know that, but there's been a complete adjudication of whether or not he had an in-service stressor, and he lost on that. But that's not the only question for establishing entitlement-to-service connection. You can establish it by the occurrence of a disease or an injury which took place. You know, that's why I'm talking about PTSD, it requires a stressor. It does clinically, Your Honor, but the question here is, is do you have to have that event? Well, you don't have the disease without it. You have the disease if a competent, qualified mental health professional assesses the records from service and says, based upon these records, I believe what you currently have is related to what you suffered in service. No, it was not labeled during service as post-traumatic stress disorder. But these symptomatologies that were presented are consistent. What's the stressor? That's what I'm trying to get at, because I do think you have to have a stressor, whether it's under 3.303 or whether it's under 3.304. Well, you have to have some underlying event, and the veteran described what those underlying events were. And they were held to mean non-stressors. Let's hear a complete answer to one of these questions. What was experienced by this particular veteran were events which were not attributed at the time to post-traumatic stress disorder. They were attributed to other conditions, anxiety, depression, et cetera, and those circumstances post-service were related by a mental health professional to what was experienced during service. And so the normal means of establishing service connection is the relationship between the occurrence of a psychiatric injury or disease during service and a post-service disability. The question here is, do you need to have the creditable supporting evidence of the actual event that took place, or are the service records which took place sufficient upon which a mental health professional can base a diagnosis? And if that mental health professional bases that diagnosis on those records and the statements from the veteran, that should be sufficient as opposed to the extra requirement that is imposed by 3.304F, which is that you must have creditable supporting evidence of the actual occurrence of the event or reported event that the veteran attributes to. I just want to get clear. So it's a lesser standard of proof? Yes. Mr. Carpenter, on page 8 of your blue brief and then again on pages 1, 2, and 3 of your reply, you quote us language from McGee v. Peek, the federal circuit case. Yes. Yeah. And you say that the test for 7104A is, quote, whether or not it's potentially applicable. You attribute that quote in McGee v. Peek. You even say emphasis added. You underline the word potentially. The word potentially doesn't appear anywhere in McGee, Mr. Carpenter. The test is not potentially applicable as articulated by our circuit. I could find no case that said that. The test is applicable. Potentially applicable would be a broader test than applicable. Then that's my error, Your Honor. Be more careful. I apologize. I overstated the case then, and that was my error. Well, you quoted it. It wasn't a statement of the case. It was a direct quote, but it's not an accurate quote. My error, Your Honor, and I apologize. The question in this case is whether or not the lower court is correct that the provisions of 3.304F trump the provisions of 3.303A, and we believe that it is not merely a question of the comparison between the two regulations but the right of a claimant to be able to establish service connection through another means. And we believe that under 7104A, the board was required to consider all applicable provisions of law and regulation. And the provisions of 105A and 1111 under the statute for the presumption of service connection for an event which occurred during service and the presumption of soundness because he did not have a psychiatric condition noted at entrance should have been an available means for him to establish service connection. That does not mean that he would prevail. Merely that he would have the right to rely upon those provisions of law. I'm just still trying to get through so I can see the difference between how the 3.303 case would play out and how this one played out and whether fact findings are already made here may stand in your client's way. Your view here would be that he would produce medical evidence now based on his current condition which is diagnosed with PTSD. And we know what his records would, we don't know exactly. We've seen a lot of his medical records and they've been cleansed if you will from his perspective by the BDA. And he would have current testimony which would say based on what the records show happened to him in service, I think he had an in-service stressor, right? Well there was a sufficient circumstance to produce the disability which is diagnosed by that. Right, but what I'm still trying to get at is whether or not somebody has to point to some stressor that occurred in the service as opposed to, so I'm concerned about the possibility of someone who sees a horrible event 30 years after you're out of service, a big car wreck or something, and this causes them to have a flashback to something they saw in the service. It just didn't seem to me that that ought to open the door to that type of a connection. Well no, and there is a provision for an inter-current event as a rebuttal of a presumption of incurrence. That if there is an inter-current event such as you were describing, then that can be used, I believe the statute is 1113, 38 U.S.C. 1113, that provides for a means for rebutting the presumption. The presumption here is that something took place in service. It was not identified as a stressful event. It was not identified as post-traumatic stress disorder, but it did require a psychiatric intervention. Based upon that, there is the incurrence of a psychiatric injury or disease which then can be the basis for a later award. The decision below by the Veterans Court prevents Mr. Arzio from pursuing that avenue or methodology of establishing it by saying that you must meet the creditable supporting evidence that the event actually occurred requirement under 3.304F. We believe that because there is evidence of not necessarily the event other than by the veteran's own testimony, but evidence of a psychiatric injury or disease during service as documented by the service medical records, that that should be a sufficient means for establishing entitlement to service connection. I see that I'm into my rebuttal time unless there's further questions. Mr. Austin. Thank you. May it please the Court. The Veterans Court correctly interpreted sections 3.304F and 3.303A when it affirmed the Board's decision. There are three separate reasons that this is the case. First, the plain language of 38 CFR Section 3.304F mandates this conclusion. Section 3.304F directly states in unambiguous and unequivocal terms that there are three specific elements that are quote, required, end quote, in order to establish, quote, service connection for post-traumatic stress disorder. One of these elements that is required under Section 3.304F is, quote, credible supporting evidence that the claimed in-service stressor occurred, end quote. Mr. Arzio's theory in this case runs directly contrary to that regulatory language. Mr. Arzio claims that, quote, credible supporting evidence that the claimed in-service stressor occurred, end quote, is not required in order to establish service connection for post-traumatic stress disorder. In Mr. Arzio's view, credible supporting evidence that the claimed in-service stressor occurred is merely an option, one that is unnecessary for establishing service connection for PTSD. That is directly contrary to the language of the regulation which says that such evidence is, in fact, required to establish service connection for PTSD. And Section 3.304F, importantly, also does not say, for purposes of satisfying the requirements of this regulation, credible supporting evidence that the claimed in-service stressor occurred is necessary. Instead, the regulation says that this evidence is required to establish service connection for PTSD, period. Second, in addition to the plain language of Section 3.304F... Is there any indication in the regulation that it was intended to be exclusive? Well, I believe that the plain language indicates that it's... The reason why I asked is that the regulation in COMBI, dealing with radiation, purported on its face to be exclusive. The language in that regulation said it's exclusive. The distinction between COMBI in this case, Your Honor, is very evident. There are two major distinctions. First of all, as Your Honor pointed out in your question to opposing counsel, in COMBI we were dealing with a presumption. And a presumption is intended to be a liberalization of the otherwise existing service connection. In short, in COMBI, not only does it say there's a notion of exclusivity there, but 3.303 is referenced in the regulation in COMBI. So the people who wrote the regulation in COMBI left open the door that it would be exclusive for purposes of the presumptive connection for radiation, but not otherwise. And that's clearly not the case here. That's right. What I'm saying is, whereas you're writing a sort of Chevron deference to a decision by the Secretary that this shall be an exclusive method, 3.304, and Mr. Carpenter's saying, well, you know, show me where there's some indication in the reg, the Secretary meant to block, if you will, the avenue that... Mr. Carpenter's avenue is in the statute, right? I mean, it's in the regulation 3.303. It's in the regulation. It's not in the statute. That's correct. And it's being used. That's basically the methodology you use. You use it except, and there's really no real other provision that I'm aware of in the regulations that's equivalent to what you have in 3.304F for PTSD, because what... Well, in the rating tables, you've got some things that look like requirements, but, you know, most of the rating table requirements are beneficial to the veteran, not hurdles. But the difference between, well, other than the direct language and the language we quote in our briefs from the notices of proposed rulemaking, the biggest difference is that this was not intended to be a liberalization. What the notices of proposed rulemaking show is what the VA wanted to do is to establish specific criteria for PTSD, and you have to meet those specific criteria in order to have service connection for PSTD, and that's why the regulation uses the word requires. If you don't meet those criteria, you don't have PTSD. On the other hand, if you do meet the criteria, you have it, and that's the end of your inquiry. It's not sort of a cookbook where you say, okay, I'll go through Section 3.304F and I don't meet those criteria, then I can do an alternative analysis. Well, Mr. Cogman was really very honest when I asked him whether this is just a quantum of evidence issue,  because he's got the credible evidence requirement in 3.304, right? Credible supporting evidence. And what he wants to do is to be able to bring a case. I think he was agreeing with me that he's going to have to have a stressor in order to establish PTSD because you just can't get the medical diagnosis without it, and I think he was close to saying it's got to be an in-service stressor, although he didn't really want to go that far. I mean, I think he was saying that my example of an auto accident 30 years after you're out wasn't going to be enough. So what he wants to do is to be able to bring a 3.303 but with just in 3.303 it just says evidence and doesn't say supporting credible evidence. And I think he sees a significant difference there in terms of the burden that would be placed on the veteran in bringing forth his evidence. Because you can't hive a higher standard of evidence on 3.303 when it's already there, right? In ordinary cases that are not PSD, veterans that are coming in and trying to establish service connection, 3.303 just says evidence, right? That's how you would do the analysis over 3.03. Our main position here is that the question Your Honor is asking is simply not relevant because you go to Section 3.304F and you have to meet those criteria. If you don't meet them, there is no second choice to go back to 3.303A. Your Honor is essentially asking, well, assuming we did that, would it make any real difference? And Your Honor may be very well correct that you would get the exact same result because you need it. Your argument really isn't one that the way that the CAVC chose to phrase its rejection of Mr. Carpenter's argument is to say, well, this is a case of a specific regulation trumping a general regulation. We are arguing that. I began my argument by saying that. I thought I smelled a bit of that in your brief. You're not taking that. That's not a legitimate basis on which to reach that 3.0. We totally agree with that position. What I started saying here is there's three different reasons You're in essence saying the Secretary walked up to 303 PTSD cases that were being brought before 1991 or whenever 3.304 was put in place and the Secretary says I've got 501 rulemaking authority to line up how these claims should be brought. That's right.  those cases for PTSD and these are the requirements. These are the requirements. There's three reasons that the board should be affirmed. One is, like I said, the exact language of the statute. The second are the language and the notice of proposed rulemaking both from the 208 amendment and from the 1993 original enactment of section 303.4F which essentially used the same language. The third is, in fact, the basis that the Veterans Court utilized in its decision which is the well-established canon of both statutory and regulatory construction that you do apply a specific regulation ahead of a general regulation and the reason for that is very clear and it's stated in the Supreme Court case that we cite there how that any limitations that are established in a specific regulation in this case section 3.304F should not be overcome by some provision in a general regulation. Now I agree with you, Your Honor. I believe that if you ultimately did the section 3.303A analysis you probably come to the same conclusion but the whole purpose of that canon of statutory and regulatory construction is that you're not supposed to get to that step. Is there a limitation set forth in a specific regulation and that in this case is the corroborating evidence of an in-service stressor and you shouldn't be able to utilize some other method in a general provision section 3.303A to somehow come up with a result that gets you around that requirement that was clearly intended and there really is no question that section 3.304F is a more specific regulation than section 3.03A because it deals specifically with exactly what we're here about service connection for post-traumatic stress disorder whereas section 3.303A is a general provision dealing with service connection for any type of injury so it's clearly specific and what Mr. Arzio is attempting to do here is exactly what the Supreme Court warned against and that is get around the limitations in this case an evidentiary limitation in the specific regulation which maybe and maybe not he'd be able to to utilize through the use of a general regulation. But when when the regulation  by Mr. Carpenter on behalf of his client his validity was challenged and it was the National Organization of Veterans Advocates case this particular question wasn't on the table that's correct but they challenged the validity how much weight do I give to a previous adjudication that the regulation is valid I think your honor can give a lot of your honor is absolutely correct in your statement that this this particular challenge is being brought right now could have been brought by Mr. Carpenter in challenging the regulation in the first place except that he argued the regulation shut this door and this door and this door but he didn't say it shut 303 door well except that I think your honor that's not race judicata is it I would agree it's not race judicata I would agree with your honor however remember that the impact on the regulation then was basically that the regulation is somehow inconsistent with those particular statutes the challenge here really is not is not has nothing really to do with the statutes other except to the extent that they're incorporated by reference into section 3.303a it's simply how did the VA intend for this regulation to apply and we believe that the intention of the VA is very clear and that is both the notice of proposed rule making and the actual language you have to meet the criteria in section 3.304f and if you don't you don't have post-traumatic stress disorder now I would add also I wanted to comment on counsel's comments concerning the references in the record while he was in service to a as he described a psychiatric condition the only references there are basically when Mr. Arzio came in during service he had complaints of back pain or complaints of leg pain and the physicians couldn't find any objective evidence to support the complaints he was making and said they must have some psychogenic origin meaning that we can't explain it physically so maybe it has something to do with mentally there was no report of a stress or there was nothing at all so to try to equate that somehow to post-traumatic stress disorder an earlier symptom was rejected by the board when his history was rejected now if in fact in this particular case the physicians who also diagnosed polysubstance abuse and bipolar disorder if there was another mental condition that was at issue here other than post-traumatic stress disorder say they were coming up with psychosis some other psychosis then in order to determine whether that was service connected you would use section 3.303A it's the fact that the condition here that's alleged to be service connected is PTSD that brings in section 3.304F and you have to meet those specific criteria to have service connection if you don't you don't have it if you do you do have it unless the court has any further questions we would simply ask that this court affirm the decision of the veterans court alright thank you Mr. Interpreter just a couple of quick points there is no reference in the language of the regulation to exclusivity there is no indication that this regulation shall be the only regulation available for establishing PTSD and there is no specific reference to 3.303 as being excluded as an alternative means but you believe 3.303 is broader than 3.304 so why if there was already a broader regulation in place why would congress what possible rationale would congress or would not congress but in the case of veterans the VA have for coming along and enacting a narrower one after that time because if VA meant for either one to apply then the broader one would always capture everything the narrow one does because in time both in relationship to 3.303 and in time in relationship to the diagnosis as accepted of post traumatic stress disorder the problem for the veterans  there is something in service that could be pointed to and you wouldn't rely exclusively on what the veterans said you would in the language of the regulation be required to submit a higher burden of evidence which is creditable supporting evidence that the underlying event actually occurred you're saying none of that is necessary because the veteran can establish PTSD under a more lax standard of 303 when there is something in service that can be pointed to and relied upon by other evidence which shows that what happened in service is related to the problem because they couldn't find what the problem was and then later after service be given a diagnosis of what that condition is and that's what disables them that's the circumstance for Mr. Arzio. I don't understand how that pertains at all to my question of why in the world the VA would enact a more narrow standard afterwards when there already is a broader one and your argument that  veteran gets to choose either or what is the purpose served by 304? The veteran only gets to choose when he can because he now has a resulting disability which is relatable back to. That is Well wouldn't every case of PTSD necessarily require some in service injury? No that's the thing that there is no requirement of an actual injury but merely the observation of an event creditable supporting evidence that an event took place for instance a fire which consumed a person and the medical evidence in this case showed that he had this condition not properly diagnosed but this condition during service that's why 303 applies to every PTSD person only the ones that show the symptoms during service that's the critical difference I have it now that can only take advantage of that phrase within 303 be established through the use of a phrase within